**NOT FOR PUBLICATION**                                                    **CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

|  |  |
|---|---|
| CLEMENT BATTONI, JR., et al., | : |
|  | : |
|  | : Civil Case No. 05-934 (FSH) |
| Plaintiffs, | : |
|  | : |
| v. | : **OPINION** |
|  | : |
| IBEW LOCAL UNION NO 102 EMPLOYEE | : Date: April 1, 2009 |
| PENSION PLAN, IBEW LOCAL UNION NO. 102 | : |
| EMPLOYEE WELFARE FUND, et al., | : |
|  | : |
| Defendants. | : |
|  | : |

---

**HOCHBERG, District Judge**.

This matter comes before the Court upon Plaintiffs' Motion for Attorneys' Fees and

Costs pursuant to 42 U.S.C. § 1988.

**I.      Factual and Procedural Background**

This motion arises after the trial of a dispute involving ERISA's "anti-cutback provision."

This Court held a bench trial on December 3, 2007 and January 29, 2008.  In an Opinion dated

August 8, 2008, the Court concluded that ERISA's anti-cutback provision does not permit

Defendants to use an amendment to the Welfare Plan to effectuate a cut-back to the vested lump-

sum benefit in the Pension Plan.

Plaintiffs' counsel submitted the present motion for attorneys' fees, costs and expenses in

the total amount of $288,292.19.[1]  Counsel state that a total of 915.08 hours were spent by 8

---

[1] Plaintiffs' overall request breaks down in the following manner: (1) $214,682.10 in
lodestar fees; (2) $8,610.09 in expenses; (3) $50,000 in bonus fees; and (4) $15,000 for fees
incurred in the preparation of the fee application and motion.

lawyers and support staff in litigating this case.[2]  The billing rates charged for this work ranged

from $190.00 to $350.00 per hour, but Plaintiffs have reduced the total amount requested here.

In addition to attorneys' fees, counsel request that $8,610.09 be awarded to compensate for costs

associated with the litigation.  Counsel submitted detailed billing records and certifications

supporting these requests.

## II.      Discussion

### A.      Application of the *Ursic* Factors

A court may, in its discretion, award attorney's fees to a prevailing party in an ERISA

action. *See* 29 U.S.C. § 1132(g)(1); *Schake v. Colt Indus. Operating Corp. Severance Plan*, 960

F.2d 1187, 1190 (3d Cir. 1992) ("An award of . . . attorney's fees to a prevailing plaintiff in an

ERISA case is within the discretion of the district court. . . .").  The Third Circuit has set forth a

five-factor test for district courts to utilize in determining whether to award attorney's fees in an

ERISA action. Specifically, a district court is to weigh:

> (1) the offending parties' culpability or bad faith;
>
> (2) the ability of the offending parties to satisfy an award of attorneys' fees;
>
> (3) the deterrent effect of an award of attorneys' fees against the offending parties;
>
> (4) the benefit conferred on members of the pension plan as a whole; and
>
> (5) the relative merits of the parties' position.

*Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983).  All five factors must be

considered, and "no single factor is decisive."  *Local 827 IBEW v. Verizon New Jersey, Inc.*,

---

[2] 826.09 hours were spent working on this case through August 2008, the time of
judgment.  Of this amount, only 705.39 hours were billed to Plaintiffs.  An additional 88.99
hours were spent in connection with the instant fee application.

2006 WL 2246369, *4 (D.N.J. Aug. 3, 2006).  Furthermore, a district court "must articulate its

considerations, its analysis, its reasons and its conclusions touching on each of the five factors

delineated in *Ursic*."  *Anthuis v. Colt Industries Operating Corp.*, 971 F.2d 999, 1012 (3d Cir.

1992).  This Court must therefore apply the *Ursic* five-factor test in determining whether to grant

Plaintiffs' motion.

### 1.      Culpability or Bad Faith

The Third Circuit has stated that this factor does not require a finding of bad faith.  *See*

*McPherson v. Employees' Pension Plan*, 33 F.3d 253, 256 (3d Cir. 1994) ("A losing party may

be culpable, however, without having acted with an ulterior motive.").  However, "[a] party is

not culpable merely because it has taken a position that did not prevail in litigation."  *Id.* at 257.

Rather, a party is said to have acted with culpability if its conduct "involves something more than

simple negligence."  *Id.* (quoting Black's Law Dictionary (6th ed. 1990)).

In this matter, this Court found that Defendants knew what they were doing when

enacting the Disputed Amendment and why they were doing it.  Specifically, this Court noted

that "at least part of the intent and effect of the Disputed Amendment was to accomplish

indirectly what could not be accomplished directly without violating the anti-cutback rule."

Given that Defendants' own witnesses indicated an interest in using the Disputed Amendment to

the Welfare Plan to realize cost savings in the Pension Plan, this Court concludes that Defendants

acted in a manner that exceeds that of mere negligence.

### 2.      Ability to Pay

Plaintiffs contend that the evidence put forth at trial as to the substantial assets of the

Defendant Plans proves that they are able to pay an award of attorneys' fees and costs now.

Plaintiffs also argue that Defendants could have avoided an award of fees by attempting to resolve this matter before the Court reached a final decision on the merits. Defendants argue, in response, that the assets maintained by the Welfare and Pension Plans are intended primarily for the payment of hospital and medical bills and the payment of retirement benefits, respectively, rather than for the payment of attorneys' fees. They also argue that a pre-trial settlement would only have resolved the matter with respect to the participating Plaintiffs, without addressing the effects of such a settlement on other plan participants, and was not, therefore, a viable solution.

Defendants' arguments about the nature of their assets does not override the existence of those assets and their resulting ability to pay attorneys' fees. Moreover, there was an ability to avoid costs by settling that was not pursued. Courts in this jurisdiction have frequently awarded attorneys' fees to plaintiffs suing similar pension or welfare plans. Indeed, in many cases, the funds concede their ability to pay, notwithstanding the nature of their assets. *See Lyon v. Kimberly Clark Corp. Pension Plan*, 2007 WL 1852215, * 2 (D.N.J. Jun. 26, 2007); *Smith v. Contini*, 2003 WL 22734320, *3 (D.N.J. Aug. 19, 2003). Given the evidence presented at trial, the Court concludes that Defendants have the ability to pay a reasonable award of attorneys' fees and costs incurred during this proceeding.

### 3.    Deterrent Effect Against Defendant

While Defendant's conduct was not in bad faith, the Third Circuit has stated that "it will further the objectives of ERISA if fee awards are employed to deter behavior that falls short of bad faith conduct." *McPherson*, 33 F.3d at 258. Accordingly, this Court must determine whether "it would serve the objectives of ERISA to award counsel fees in an effort to deter conduct of the kind in which [Defendants] engaged." *Id.*

4

In connection with this factor, both parties cite the absence of precedent on the issue of whether an amendment to an ERISA welfare plan can be considered a de facto amendment of a separate ERISA pension plan. The Court finds that this factor weighs neither in favor of the Plaintiffs nor of the Defendants.

### 4.      Benefit Conferred on Plan Members as a Whole

Under this factor, the Court is to determine "whether there were any other plan members who received a benefit, and if so how many. In other words, the factor calls for the examination of a benefit to others, not of a benefit to all others." *Smith,* 2003 WL 22734320, at *4; *see also McPherson*, 33 F.3d at 256 ("The fourth factor requires consideration of the benefit, if any, that is conferred on others by the court's judgment."). Plaintiffs argue that this factor weighs in their favor because the Court's decision has rendered the Disputed Amendment unenforceable as to all plan participants, who will now have the option to retire with a lump sum pension payment while retaining their welfare benefits.  Defendants argue in response that this option is limited to the former members of the Local 675 Pension Plan who always had the choice of electing a lump sum or periodic monthly payment. However, by obtaining a ruling on an issue of importance to both unions, a benefit has been indirectly conferred on plan members beyond Plaintiffs. As a result, the Court finds that this factor weighs in favor of Plaintiffs.

### 5.      Relative Merits of the Parties' Positions

As the Court has already noted, Defendants enacted the Disputed Amendment, at least in part, to indirectly effectuate cost savings to the Pension Plan. Nevertheless, while the Court clearly recognized Plaintiffs' position concerning the intent and effect of the Disputed Amendment, the Court denied Plaintiffs' supplemental claims that Defendants violated Section

510 of ERISA and the applicable Collective Bargaining Agreement.  As a result, the Court finds

that this factor weighs somewhat in favor of an award of attorney's fees.

      **B.**      **Fee Award**

Having found that several of the *Ursic* factors clearly weigh in favor of Plaintiffs, this

Court finds that Plaintiffs are entitled to an award of attorneys' fees in this action.  In determining

a reasonable fee award, the Court multiplies the number of hours reasonably expended by a

reasonable hourly rate.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Plaintiffs have

submitted affidavits and itemized statements showing the number of hours worked and the

billing rates applied.  Plaintiffs have also explained that both the hours actually billed and rates

actually charged by their attorneys were discounted from the total hours spent or customary rates

charged.  In total, Plaintiffs request a fee award of $229,682.10 plus a bonus fee of $50,000.[3]

Plaintiffs further seek costs in the amount of $8, 610.09.

The remaining issue is whether Plaintiffs should be awarded the full amount requested.

Defendants argue that the full amount is inappropriate.  First, they argue that Plaintiffs did not

prevail on their claims of anti-interference, breach of fiduciary duty, breach of contract and

promissory estoppel and that legal fees should not be awarded as to the counts upon which

Plaintiffs were not successful.  Accordingly, Defendants request that any award to Plaintiffs is

offset "by any consideration by the Court regarding the time and effort associated with

---

[3] This fee request incorporates $214,682.10 for work on the case before the Court's judgment was issued in August 2008.  Although 826.09 hours were worked in total, Plaintiffs were only billed for 705.39 hours, resulting in the charge of $214,682.10.  It also incorporates $15,000 in fees for the preparation of the fee application and related motion papers.  Although counsel incurred at total of $29,624,.95 in preparation of the application, they are not requesting an award based on the full amount of time spent.

successfully defending four of the five Counts." Defendants also argue that the Court must consider all of the circumstances of the case, including that it "presented a novel question of law."

Plaintiffs answer that their success on the most significant claim constitutes "prevailing" for the purposes of a fee award and note that Defendants have failed to suggest how to implement a reduction in the requested fees on the basis of partial success, even though they were in possession of Plaintiffs' billing records. Defendants have not even attempted to apportion the time spent by Plaintiffs' counsel on the issues other than the one on which they prevailed. Defendants have not, as a result, met their duty to point out to the Court any time spent on specific matters upon which Plaintiffs did not prevail and for which attorneys' fees should not be awarded. *See Bell v. United Princeton Properties*, 884 F.2d 713, 720 (3d Cir. 1989) (emphasizing "that the adverse party's submissions cannot merely allege in general terms that the time spent was excessive. In order to be sufficient, the briefs or answers challenging the fee request must be clear in two respects. First, they must generally identify the type of work being challenged, and second, they must specifically state the adverse party's grounds for contending that the hours claimed in that area are unreasonable.)

The Court surmises that is largely because the overwhelming legal issue that drove this litigation is the one on which Plaintiffs prevailed. Plaintiffs succeeded on their primary claim for relief concerning Defendants' violation of the anti-cutback rule. They also achieved virtually all of the relief requested through an injunction against enforcement of the Disputed Amendment. Had Plaintiffs succeeded on their other claims, their relief would not have been materially increased.

The Court is entitled to award a full fee award in such situations. *Hensley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. ... In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit."). The Court will not further reduce the sought-after, and already-discounted, attorneys' fees on the grounds that the theories of litigation were only partially successful. However, in recognition of the claims rejected by this Court, the Court denies Plaintiffs' request for $50,000 in bonus fees.

In sum, apart from the requested bonus fee, the figures requested by Plaintiffs are reasonable and have not been challenged, according to any specific billing increment, by Defendants as unrelated to the matters upon which Plaintiffs prevailed. Defendants have not contested the billing rates charged or number of hours billed, focusing instead on the appropriateness of an award overall Accordingly, this Court will fashion an award of fees and costs in the amount of $238,292.19.

## III.    Conclusion

For the foregoing reasons, Plaintiff's application for attorneys' fees and costs is granted in part and denied in part. Plaintiff will be awarded $229,682.10 in attorneys' fees and $8,610.09 in costs. An appropriate order will issue.


        /s/  Faith S. Hochberg
        **Hon. Faith S. Hochberg, U.S.D.J.**